# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION: 1:21-00079-KD-B-2 |
| | ) |
| ERIC ALONZO WINDHAM, | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the Defendant Eric Alonzo Windham (Windham)'s "Motion to Reconsider Order of Detention" (Doc. 147) and the Government's Response in Opposition (Doc. 162).

Specifically, Windham's motion centers on the March 8, 2021 detention order issued by Magistrate Judge Murray. (Doc. 34). On March 16, 2021, Windham appealed that detention order to the undersigned (Doc. 32), and on May 18, 2021, the Court upheld the ruling after conducting a *de novo* review of the pleadings and the taped recording of the detention hearing, independently considering of all facts properly submitted, and after considering the applicable rebuttable presumption. (Doc. 79). On June 12, 2021, Windham filed the present motion to reconsider the undersigned's denial of his appeal of the March 8, 2021 detention order. (Doc. 147).

While the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, the Supreme Court and the Eleventh Circuit permit such motions in criminal cases. *Serrano v. United States*, 411 Fed. Appx. 253, 255 (11th Cir. 2011); *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010). Federal district courts review motions for reconsideration under civil standards and exercise substantial discretion when doing so. *United States v. Pugh,* 2011 WL 1900724, *1 (11th Cir. May 20, 2011); *United States v. Marcelina Orozco,* 2020 WL 3963719, *1 (S.D. Fla. Jul. 13, 2020); *United States v. Saintvil,* 2013 WL

6196523 (N.D. Ga. Nov. 27, 2013). Specifically, "district courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." United States v. Bueno-Sierra, 2020 WL 4015499, *2 (S.D. Fla. Jul. 16, 2020) (quoting United States v. Brown, 2019 WL 7067091, *1 (M.D. Fla. Dec. 23, 2019) (internal quotation marks and citations omitted)). See also e.g., United States v. Galvez, 2021 WL 1574045, *2 (11th Cir. Apr. 22, 2021) (finding that none of Galvez' "arguments presents the type of newly discovered evidence or manifest error of law or fact that warrants reconsideration[]") (citing Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) and Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010)); Kight v. IPD Printing & Distrib., Inc., 427 Fed. Appx. 753, 755 (11th Cir. 2011) ("[t]he only grounds for granting a Rule 59(e) motion are the submission of newly-discovered evidence or the demonstration of manifest error....A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment[]'").[1]

Windham does not present any newly discovered evidence or assert that the Court committed a manifest error of law or fact. Rather, Windham's motion is rooted on the testimony of Agent Fondren about phone calls[2] -- which he describes as "speculation, conjecture, or surmise" and from which he asserts his "detention was ordered." (Doc. 147 at 2). Windham argues that he

---

[1] "Rule 60(b) cannot be used to obtain relief in criminal proceedings." Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011); Smith v. United States, 433 Fed. Appx. 891, 892 (11th Cir. 2011) (citing United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998)).

[2] Per Windham: "[d]uring said [detention] hearing, testimony was presented by HSI Agent Scott Fondren, that a phone call was intercepted between defendant Southall and defendant Burroughs that a third co-defendant (Chambers) stole $9,000 from Southall and that Southall was going to have Windham kill Chambers." (Doc. 147 at 1).

has examined the discovery and did not find transcripts corresponding to the agent's testimony, and from this, asserts "[t]here appears to be no evidence to support this claim." (Id.) Windham adds that despite his counsel's "comb[ing] the extensive discovery (in excess of 70,000 pages, plus hundreds of phone calls and has not uncovered any discovery that supports the allegations made at the detention hearing. The supporting phone call either cannot be located or it does not exist." (Id.) Per Windham, "[t]he lack of a 'recorded phone call' should be deemed as new evidence by the court in considering the defendant's detention." (Id.) Windham adds that the character letters, which he has attached to his present motion to reconsider, "were not available to the defense during the detention hearing on March 8, 2021." (Id. at 3).

Upon consideration, Windham has not presented any newly discovered evidence which alters the court's determination that detention is warranted. As such, it is **ORDERED** that Windham's motion (Doc. 147) is **DENIED**.

**DONE** and **ORDERED** this the **23rd** day of **June 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**