IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION: 1:21-00079-KD-B |
| | ) |
| ERIC ALONZO WINDHAM, | ) |
|    Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Eric Alonzo Windham (Windham)'s Transcript Information Form (Doc. 862) and Motion for Production of Documents (Doc. 871).

On October 29, 2021, Windham pled guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. (Doc. 427). On April 28, 2022, Windham was sentenced and Judgment issued on May 2, 2022; Windham was sentenced to the custody of the Bureau of Prisons (BOP) for 120 months and a supervised release term of five (5) years. (Doc. 653). On May 10, 2022, Windham filed a notice of appeal (then represented by his Criminal Justice Act (CJA) trial counsel Andrew Jones). On May 13, 2022, new appellate CJA counsel was appointed, John D. Lloyd, to represent Windham on appeal. (Doc. 674).

On October 25, 2023, Windham, *pro se*, submitted a transcript information form requesting copies of transcripts of the 3/8/21 detention and 7/22/21 suppression hearings, and seeking cost information and payment instructions for those transcripts. (Doc. 862). On October 26, 2023, Windham filed a motion, *pro se*, requesting that the Court produce certain documents to him; namely, court filings Docs. 162, 164, 221, 313, 517, and 654. (Doc. 871). In his motion, Windham asserts that he needs the documents for his direct appeal which is pending; he is working on supplemental filings; he is working on a Section 2255 motion and various motions for reduction in sentence; and because he is indigent.

Windham filed both the motion to produce documents and transcript request *pro se*, even though he is represented by counsel. Specifically, John D. Lloyd, a member of the Criminal Justice Act Appellate Panel, is currently representing Windham on appeal. Thus, Windham's *pro se* filings are improper. See, e.g., United States v. Tannehill, 305 Fed. Appx. 612, 614 (11th Cir. 2008) ("[A]n individual does not have a right to hybrid representation[]"); United States v. Wright, 154 Fed. Appx. 790, 795 (11th Cir. 2005) (the district court did not abuse its discretion by striking a *pro se* motion because Wright was represented by counsel); Cross v. United States, 893 F.2d 1287, 1291-1292 (11th Cir.1990) "[t]his court has held repeatedly that an individual does not have a right to hybrid representation[]"). As such, it is **ORDERED** that Windham's motion (Doc. 871) and transcript request (Doc. 862) are **STRICKEN**.[1]

**DONE** and **ORDERED** this the **27th** day of **November 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent Windham requests production of documents for a potential Section 2255 motion, such is premature. United States v. Adamson, 681 Fed. Appx. 824, 827 (11th Cir. 2017) (affirming the denial of a motion for documents where no Section 2255 motion was pending). The Eleventh Circuit "has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding in forma pauperis, to free copies of court documents, including his own pleadings." Jackson v. Fla. Dept. of Fin. Servs., 479 Fed. Appx. 289, 292-293 (11th Cir. 2012) (citation omitted). "When a prisoner has not filed a motion to vacate his sentence ... the 'prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent.'" United States v. Warmus, 151 Fed. Appx. 783, 787 (11th Cir. 2005).